## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

AMBER LAROSE

               *Plaintiff,*

v.

CRACKER BARREL
OLD COUNTRY STORE, INC.
               *Defendant.*

Civil Action No. 3:19-cv-01604

(Superior Court of the State of Connecticut
for the Judicial District of Hartford, Civil
Action No. HHD-CV19-6117370-S)

### NOTICE OF REMOVAL

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF CONNECTICUT

      PLEASE TAKE NOTICE that Cracker Barrel Old Country Store, Inc. (herein, "Defendant" or "Cracker Barrel") hereby gives notice of removal of a civil action, Case No. HHD-CV19-6117370-S, from the Superior Court of the State of Connecticut, Judicial District of Hartford, to this United States District Court for the District of Connecticut. Removal of this action is proper under 28 U.S.C. §§ 1441 and 1446 for the reasons set forth below. In support of its Notice of Removal, Defendant states as follows:

### BACKGROUND FACTS AND PROCEDURAL STATUS

      1.    On or about September 11, 2019, Amber LaRose ("LaRose" or "Plaintiff"), on behalf of herself and others similarly situated, filed a civil action against Defendant in the Connecticut Superior Court, Judicial District of Hartford, in an action entitled *Amber LaRose v. Cracker Barrel Old Country Store, Inc.*, Civil Action No. HHD-CV19-6117370-S (the "State Court Action"), alleging, among other things, that Defendant unlawfully took a tip credit for non-

service duties performed by Plaintiff, in violation of the Connecticut Wage Act, Conn. Gen. Stat § 31-60.

2.      Defendant was served with process in the State Court Action through its registered agent on September 11, 2019.  This Notice of Removal is filed within thirty (30) days of receipt of service and therefore is timely pursuant to 28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

3.      True and accurate copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a).

4.      Pursuant to 28 U.S.C. § 1446, Defendant will file written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Connecticut Superior Court, Hartford Judicial District.  A copy of Defendant's Notice of Filing of Notice of Removal which will be filed in the Connecticut Superior Court, Hartford Judicial District, is attached hereto as Exhibit B.  Defendant will also serve a copy of the notice filed with the Connecticut Superior Court on counsel for the Plaintiff.

5.      Pursuant to the Standing Order of this Court, Defendant will file the required Statement of Compliance and Notice of Pending Motions.

## BASIS FOR DIVERSITY JURISDICTION

6.      At the time of the commencement of this action, Plaintiff was and now is an individual and a resident and citizen of Connecticut.  (Compl. ¶ 3).

7.       At the time of the commencement of this action, Defendant was and is a corporation organized and existing under the laws of Tennessee, with a principal place of business in Lebanon, Tennessee. Therefore, Cracker Barrel is a citizen of Tennessee. 28 U.S.C § 1332(c)(1).

8.      There is a reasonable probability that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. The Defendant's records indicate that Plaintiff worked 948.42 hours at the tip credit rate of $6.38 per hour. (Decl. of Renee Garner, Exhibit C, ¶ 2.) Plaintiff claims that she is owed unpaid wages and penalty damages in the amount of "twice the full amount of minimum wage less any amount paid [] by the employer." (Compl. ¶ Demand for Relief.) Therefore, if Plaintiff prevails at trial, she may be entitled to up to ((2 x 10.10) − 6.38) x 948.42) = $13,107.16 in compensatory damages.

9.      The Plaintiff also seeks reasonable attorneys' fees under Conn. Gen. Stat. § 31-68. (Compl. Demand for Relief).  Where attorneys' fees are permitted by statute, they may be used to satisfy the amount in controversy requirement. *See Crabtree v. Hope's Windows, Inc.*, No. 3:17-cv-01709 (VAB), 2018 WL 2436992, at *8 (D. Conn. May 30, 2018). Plaintiff's counsel in this action recently submitted a claim for $62,235 in attorneys' fees following trial in a case involving an identical claim. *Stevens v. Vito's By the Water, LLC*, HHDCV156062506S, 2018 WL 2749694, at *2 (Conn. Super. Ct. May 17, 2018). Accordingly, this action is removable under 28 U.S.C. § 1441(b), as there is a reasonable probability that upon completion of this case, if plaintiff prevails, her claimed recovery including an award of attorney's fees will exceed $75,000. Thus, the minimum amount in controversy for removal is satisfied.

10.      This Court has now, and had when the action was commenced, original diversity jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## <u>RESERVATION OF RIGHTS/DENIAL OF LIABILITY</u>

11.    Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendant of any fact alleged by Plaintiff, of the validity or merits of any of Plaintiff's allegations, or of any liability for the same, each of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved. Further, by filing this Notice of Removal, Defendant does not intend to waive, and hereby reserves, any objection as to service, personal jurisdiction, and all other procedural and substantive defenses.

10.    This Notice of Removal is being served on counsel for Plaintiff on this date. Defendant promptly will file a copy of this Notice of Removal with the Clerk of the Connecticut Superior Court, Judicial District of Hartford.

WHEREFORE, Defendant respectfully requests that the above-captioned action now pending in the Connecticut Superior Court, Judicial District of Hartford, be removed to the United States District Court for the District of Connecticut.

Respectfully submitted,

THE DEFENDANT,

CRACKER BARREL
OLD COUNTRY STORE, INC.

By  /s/ Jonathan D. Persky
Jonathan D. Persky, Esq. (Juris No. 438949)
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
535 Boylston St, 9th Floor
Boston, Massachusetts 02116
Phone: (617) 607-6384
Facsimile: (617) 849-7870
*Jpersky@constangy.com*

Dated:  October 11, 2019

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Thomas J. Durkin
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
*Tdurkin@hayberlawfirm.com*

/s/ Jonathan D. Persky_____
Jonathan D. Persky

6068222v.2